UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN RODRIGUEZ, | No. 2:21-cv-1511 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| B. SCNUMMAN, | |
| Defendant. | |

Plaintiff is a former state prisoner, now living in Mexico. On June 30, 2022, plaintiff was granted sixty days in which to oppose defendant's motion to compel discovery, and cautioned that failure to oppose the motion would result in a recommendation that this action be dismissed based on plaintiff's failure to cooperate in discovery. On September 12, 2022, defendant filed a declaration attesting that plaintiff has not opposed the motion or provided discovery responses or produced documents to defendant.

The court's docket confirms that plaintiff has not filed an opposition to the motion or otherwise responded to the court's order. Therefore, the undersigned recommends that this action be dismissed.

Legal Standards

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,

1

1260 (9th Cir. 1992); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (affirming district court's sua sponte dismissal with prejudice "for failure to prosecute and failure to comply with a court order."). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

Discussion

In evaluating whether this action should be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending since August 23, 2021. The scheduling order issued on March 22, 2022, but was modified on June 27, 2022, based on plaintiff's failure to respond to discovery requests. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." Pagtalunan, 291 F.3d at 642. Plaintiff's failure to cooperate in discovery as well as his failure to comply with the court's orders suggests that further time spent by the court will consume scarce judicial resources in addressing litigation which plaintiff does not diligently pursue.

Under the circumstances of this case, the third factor, prejudice to defendant from plaintiff's failure to diligently prosecute this action, also favors dismissal. Plaintiff's failure to respond to the court's order prevents defendant from completing discovery and taking plaintiff's deposition. Plaintiff's failure to cooperate in discovery prevents defendant from preparing pretrial motions. Such failures further delay resolution of this action, thereby causing defendant to incur additional time and expense. Moreover, the underlying incident took place in March of 2021; thus, the fading of witness memories is likely, and the risk of loss of evidence is probable.

1    The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and Federal Rules of Civil Procedure, and granted leeway to plaintiff since he was deported to Mexico.  Despite being granted an additional sixty days to respond to the motion, plaintiff failed to respond either to defendant or the court.  The court finds no suitable alternative to dismissal of this action where plaintiff fails to diligently prosecute his case or timely respond to court orders.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons set forth above, the first, second, third, and fifth factors strongly support dismissal.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at 1263.

Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.  See Fed. R. Civ. P. 37(b)(2)(a)(v).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 11, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/rodr1511.dm